IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-349-D

| | | |
|---|---|---|
| TINA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KOCH FOODS, BOBBY ELROD, | ) | |
| DAVID BIRCHFIELD, THOMAS | ) | |
| ROBERTS, TERRY HOWARD, and | ) | |
| KATHY PINKSTON, | ) | |
| | ) | |
| Defendants. | ) | |

On August 31, 2010, Tina Boyd ("Boyd" or plaintiff) filed suit against Koch Foods, Bobby Elrod, David Birchfield, Thomas Roberts, Terry Howard, and Kathy Pinkston (collectively "defendants") [D.E. 1]. Boyd, proceeding pro se, alleges that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII") and the American with Disabilities Act, 42 U.S.C. §§ 12111–12117 ("ADA"). On November 3, 2010, defendants filed a motion to dismiss [D.E. 6]. On December 28, 2010 and January 3, 2011, Boyd responded in opposition to the motion to dismiss [D.E. 9, 11]. On April 18, 2011, Boyd filed a motion to transfer the action to the United States District Court for the Middle District of Alabama [D.E. 12]. On May 9, 2011, defendants responded in opposition to Boyd's motion to transfer [D.E. 13]. As explained below, the court dismisses defendants Elrod, Birchfield, Roberts, Howard, and Pinkston, grants Boyd's motion to transfer the remaining claims against Koch Foods, and transfers the action to the United States District Court for the Middle District of Alabama. In light of this ruling, the court declines to address Koch's motion to dismiss [D.E. 6].

I.

On March 17, 2008, Tina Boyd was hired as a human resources manager by Koch Foods of Alabama, LLC ("Koch"). Compl. 7 (EEOC Charge). Boyd alleges that "a number of White manager[s]" discriminated and retaliated against her while she worked for Koch. Id. Boyd is a disabled African-American female. Id. Boyd claims that Koch managers harassed and intimidated her for 18 out of the 23 months that she was employed by Koch, and that one particular (unnamed) white manager displayed "total disrespect" for Boyd by entering her office without knocking when her door was closed. Id. at 4, 7. Boyd claims that other managers singled her out and a retaliated against her when Boyd refused to hire undocumented workers. Id. Koch "over[rode]" Boyd's decision not to hire undocumented workers, which Boyd protested. Id. at 7. On February 26, 2010, Koch accused Boyd of knowingly hiring an employee who had been discharged from another plant for false documentation. Id. Boyd denied the charge. Id. On March 1, 2010, Koch suspended Boyd pending an investigation. Id. On March 2, 2010, Boyd emailed Koch management to protest the discriminatory work environment and inform Koch that she intended to contact the Equal Employment Opportunity Commission ("EEOC"). Id. On March 4, 2010, Koch discharged Boyd. Id. On March 9, 2010, Boyd filed a charge of discrimination with the EEOC, alleging that Koch discriminated against Boyd based on her race, sex, and disability, and that Koch retaliated against Boyd after she protested discriminatory employment practices. Id. On June 1, 2010, the EEOC issued a "Dismissal and Notice of Rights" letter to Boyd. Id. at 6. The EEOC stated that it was "unable to conclude that the information obtained establishes violations of the statutes." Id.

On August 31, 2010, Boyd filed suit against Koch Foods and five individuals, seeking the recovery of back pay for violations of Title VII and the ADA. Compl. 5 & Civil Cover Sheet. The five individuals named as defendants, Bobby Elrod, David Birchfield, Thomas Roberts, Terry

2

Howard, and Kathy Pinkston (collectively "individual defendants"), are all employees of Koch Foods. See Mot. Dismiss, Exs. A–E. On November 3, 2010, defendants filed a motion to dismiss for insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, and individual defendants additionally moved to dismiss for lack of subject matter jurisdiction. See Mot. Dismiss 1. Boyd responded in opposition to the motion to dismiss, and subsequently filed a motion to transfer her action to the United States District Court for the Middle District of Alabama. Defendants oppose Boyd's motion.

II.

Personal jurisdiction is typically determined before venue. However, when sound justification exists for doing so, a court may consider venue first. See, e.g., Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); O'Neal v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 297–98 (5th Cir. 1963); Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 515–16 (4th Cir. 1955). Questions regarding transfer under section 1404(a) are committed to the sound discretion of the district court. See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991). Under 28 U.S.C. § 1404(a), a district court may transfer a case for the convenience of the parties and witnesses, in the interest of justice, to any other district where the action might have been brought. See 28 U.S.C. § 1404(a). Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. See 28 U.S.C. § 1406(a). Even if venue is proper in the transferor court, transfer may be made under section 1406(a) for any reason which constitutes an impediment to a

3

decision on the merits. See, e.g., Porter v. Groat, 840 F.2d 255, 257–58 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 494 (E.D.N.C. 2006).

Courts consider numerous factors in determining whether transfer is appropriate. These factors include the convenience of the witnesses, where the events occurred that gave rise to the action, the residences of the parties, plaintiff's initial choice of forum, the availability of compulsory process, and the law which will govern the dispute. See Collins v. Straight, Inc., 748 F.2d 916, 921–22 (4th Cir. 1984); Jenkins, 464 F. Supp. 2d at 493–94; Hardee's Food Sys., Inc. v. Rosenblatt, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998). Plaintiff's choice of forum is ordinarily accorded considerable weight, but that weight is lessened when the conduct giving rise to the complaint did not occur in the forum. See, e.g., Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003); Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

Here, all of the events giving rise to the complaint occurred in Montgomery, Alabama. See Compl. 7. Thus, the witnesses regarding Boyd's allegations are primarily in Alabama. Moreover, this court cannot compel non-party witnesses located in Alabama to attend a trial in this district. See, e.g., Fed. R. Civ. P. 45(c)(3)(A)(ii); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3851 (3d ed. 2007) ("Often cited as the most important factor . . . is the convenience of witnesses, most particularly non-party witnesses who are important to the resolution of the case."). As for the residences of the parties, Boyd is the only North Carolina resident. Finally, venue is proper in the United States District Court for the Middle District of Alabama. See 42 U.S.C. § 2000e-5(f)(3). Therefore, in light of the entire record and for the convenience of parties and witnesses, and in the interest of justice, transfer is appropriate under section 1404(a).

Alternatively, even if venue is proper in this district, transfer may also be appropriate under section 1406(a) in light of the potential impediment to a decision on the merits. See, e.g., Porter,

4

840 F.2d at 257; Jenkins, 464 F. Supp. 2d at 494–95. Boyd's ability to obtain personal jurisdiction over Koch in the Eastern District of North Carolina remains in serious doubt. Although Koch disputes being subject to personal jurisdiction in the Eastern District of North Carolina, Koch admits to such jurisdiction in the Middle District of Alabama. See Mot. Dismiss, Ex. F ¶¶ 2–3 (Kaminsky Affidavit). Therefore, transfer is appropriate under 28 U.S.C. § 1406(a).

Having considered the entire record, the convenience of the parties and witnesses, and in the interest of justice, this dispute would best be resolved in the United States District Court for the Middle District of Alabama. Accordingly, the court grants plaintiff's motion to transfer venue. See 28 U.S.C. §§ 1404(a), 1406(a).

However, transfer is not appropriate as to all defendants. Both the ADA and Title VII's remedial schemes are "plainly tied to employer, rather than individual, liability." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). Therefore, Title VII and the ADA do not permit actions against individual defendants. Baird, 192 F.3d at 472; Albra v. Advan, Inc., 490 F.3d 826, 830, 834 (11th Cir. 2007) (per curiam); Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam); see Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 569–70 (E.D.N.C. 2009) (granting motion to dismiss Title VII claims against individual defendants); Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 595–96 (M.D.N.C. 2005) (same); Hockaday v. Brownlee, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004) (granting motion to dismiss ADA claims against individual defendants).[1] Therefore, the court

---

[1] In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc);

5

dismisses Boyd's claims against individual defendants for failure to state a claim upon which relief may be granted.

III.

Boyd's claims against defendants Elrod, Birchfield, Roberts, Howard, and Pinkston are DISMISSED. Boyd's motion to transfer [D.E. 12] is GRANTED. Moreover, the court DECLINES to rule on defendant Koch's motion to dismiss [D.E. 6]. The transferee court will resolve that motion. The action is transferred to the United States District Court for the Middle District of Alabama.

SO ORDERED. This 10 day of June 2011.

JAMES C. DEVER III
United States District Judge

---

accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

6

Case 5:10-cv-00349-D  Document 14  Filed 06/10/11  Page 6 of 6